UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YETHIER CLAVELLES MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>Respondents. | Case No.:  26-CV-752 JLS (VET)<br><br>**ORDER GRANTING IN PART WRIT OF HABEAS CORPUS**<br><br>(ECF No. 5) |

Presently before the Court is Petitioner Yethier Clavelles Martinez's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 5).  Also before the Court is Respondents' Return in Opposition to the Habeas Petition ("Ret.," ECF No. 8), and Petitioner's Traverse ("Traverse," ECF No. 9).  *See generally* Docket.  For the reasons set forth below, the Court **GRANTS** in part Petitioner's Petition for Writ of Habeas Corpus (ECF No. 5).

## BACKGROUND

Petitioner, a Cuban national, has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Facility since October 25, 2025.  Pet. at 3.  Petitioner entered the United States in 2021, and on June 24, 2021, was ordered removed to Cuba.  *Id.*  Petitioner was released

on an order of supervision after "it was determined that he could not be removed to Cuba." *Id.* Since his release, Petitioner has attended all his check-in appointments and has no criminal record. *Id.* On October 25, 2025, Petitioner was re-detained at his check-in appointment. *Id.* ICE did not provide Petitioner was proper notice for the revocation of supervision or an opportunity to contest the revocation. *Id.* Petitioner was then brought to the Otay Mesa Detention Center. *Id.* at 4. On November 11, 2025, Petitioner was "woken up at 4:30 in the morning" and brought to the border with Mexico. *Id.* Petitioner refused to go into Mexico and was returned to the detention center. *Id.*

Respondents state that ICE re-detained Petitioner "to execute his administratively final removal order to Cuba." Ret. at 3. Respondents state that "Petitioner was placed on a list awaiting authorization for removal to Cuba," ICE has Petitioner's valid passport to Cuba, and anticipates a flight for Petitioner will be scheduled soon. *Id.*

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, they must be detained for ninety days (90) pending

the government's efforts to secure their removal. *See* 28 U.S.C. § 1231(a)(1). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release, including an order of supervised release. *Id.* at 700.

Once ICE releases a non-citizen on supervised release, "ICE's ability to re-detain that noncitizen is constrained by its own regulations." *Nouri v. Herrera*, SA CV 25-1905-JFW(DBT), 2025 U.S. Dist. LEXIS 171809, at *11 (C.D. Cal. Sept. 3, 2025) (internal citation omitted). ICE may re-detain a non-citizen released on an Order of Supervision "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). ICE may also re-detain if the non-citizen "violates any of the conditions of release." § 241.13(i)(1). If ICE chooses to re-detain, the non-citizen must "be notified of the reasons for revocation" and be afforded "an initial informal interview promptly after [his] return to . . . custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." § 241.13(i)(3). The non-citizen may "submit any evidence or information that [he] believes shows there is no significant likelihood [he may]

26-CV-752 JLS (VET)

be removed in the reasonably foreseeable future, or that [he] has not violated the order of supervision." *Id.*

Here, Petitioner was ordered removed in 2021. Pet. at 3. Petitioner was released on an Order of Supervision, presumably, because his removal was not foreseeable. *Id.*; *see Zadvydas*, 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). Petitioner was re-detained by ICE agents at his annual ICE check-in on October 25, 2025. Pet. at 3. The only notice Petitioner received regarding the reasons for his re-detention was that he was re-detained "to execute his administratively final removal order to Cuba," which had been entered in 2021. Ret. at 3; Traverse at 2; *see also Tran v. Noem*, No. 25-cv-2391 BTM (BLM), 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025) (holding that this "notice must be in writing and contain all the reasons for the revocation of the alien's release"). This statement is insufficient to provide notice. *See, e.g.*, *Xayakesone v. Noem*, No. 25-cv-2995-JES-BJW, 2025 WL 3229102, at *4 (S.D. Cal. Nov. 19, 2025) (finding notice insufficient when it stated that the "decision has been made based on a review of your official alien file and a determination that there are changed circumstances in your case"); *Rokhifirooz v. Larose*, No. 25-cv-2053-RSH-VET, 2025 WL 2646165, at *4 (S.D. Cal. Sept. 15, 2025) (same).

Further, Respondents do not allege that Petitioner was given an interview after his re-detention. *See generally* Ret. Respondents, therefore, failed to provide Petitioner with "an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3); *see Nouri*, 2025 U.S. Dist. LEXIS 171809, at *11 ("Petitioner cannot be expected to 'respond to the reasons for revocation stated in the notification' when the [n]otice does not actually state any reasons for revocation."). "Petitioner must be told *what* circumstances had changed or *why* there was now a significant likelihood of removal in order to meaningfully respond to the reasons and submit evidence in opposition." *Sarail A. v. Bondi*, ---- F. Supp. 3d ----, 2025 WL 2533673, at *10 (D. Minn. 2025).

26-CV-752 JLS (VET)

"Government agencies are required to follow their own regulations." *Hoac v. Becerra*, No. 25-cv-1740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 US. 260, 268 (1954)) (finding a likelihood of success where petitioner was not provided an informal interview). "[W]hen ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered." *Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025) (collecting cases). The Court finds that, in violation of ICE's regulations, the revocation of his supervised release without notice or an informed interview justifies **GRANTING** the Petition. *See, e.g.*, *Hoac*, 2025 WL 1993771, at *4 (granting a TRO where ICE failed to follow § 241.13(i)(3) procedures); *Phakeokoth v. Noem*, No. 25-cv-2817 RBM (SBC), 2025 WL 3124341, at *6 (S.D. Cal. Nov. 7, 2025) (same); *Nouri*, 2025 U.S. Dist. LEXIS 171809, at *11 (same); *Tran*, 2025 WL 3005347, at *4 (granting a habeas petition on the same grounds); *Truong*, 2025 WL 2988357, at *6 (same); *Nguyen v. Noem*, No. 25-cv-2792 LL (VET), 2025 WL 3101979, at *3 (S.D. Cal. Nov. 6, 2025) (same).

Additionally, even if the procedural requirements were met, the Court is not persuaded that Respondents have showed a change in circumstances such that there is now a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. First, Petitioner has been subject to a final order of removal for five years, and in those five years, there has been no progress on securing his removal. Traverse at 6.

Second, Respondents failed to secure travel documents, or alleged potential for travel documents, for Petitioner *before* his re-detention. The last time Petitioner was detained, he was released because his removal was not reasonably foreseeable, *id.*, and Respondents present no evidence that this has changed. Respondents only submit that Petitioner was placed on a list awaiting authorization from Cuba, not that Respondents have secured travel documents from Cuba or have communicated with Cuba in any way. *See Huan v. Noem*, No. 26-CV-512 JLS (DEB), 2026 WL 412609, at *3 (S.D. Cal. Feb. 13, 2026) (stating that respondents do "not point to any evidence that they have

26-CV-752 JLS (VET)

communicated with [Cuba] or taken any steps beyond internally sending a request for removal"). While it is possible that Petitioner may be removed to Cuba in the future, this post-hoc rationalization cannot form the basis of "changed circumstances" for the purpose of re-detention.  *See Phakeokoth*, 2025 WL 3124341, at *5 (finding that changed circumstances did not exist at the time of petitioner's arrest because the government obtained travel documents weeks after his re-detention); *Truong*, 2025 WL 2988357, at *1–6 (same); *Vinh Duong v. Charles,* No. 25-cv-1375-SKO, 2025 WL 3187313, at *5–6 (E.D. Cal. Nov. 14, 2025) (same).

Third, the empty statement by the declaring officer that "there is a significant likelihood of his removal in the reasonably foreseeable future" is insufficient to satisfy Respondents' burden.  Ret. at 3; *Hoac*, 2025 WL 1993771, at *4 (rejecting the government's argument that ICE's intent to apply for travel documents constituted changed circumstances because they failed to provide "any details about why a travel document could not be obtained in the past, nor have they attempted to show why obtaining a travel document is more likely this time around").

Therefore, because Respondents have failed to follow their own regulations in re-detaining Petitioner and have failed to demonstrate that his removal is reasonably foreseeable, the Court **GRANTS** the Petition.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** in part[1] Petitioner's Petition for Writ of Habeas Corpus (ECF No. 5), and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting Order of Supervision. The Court **ORDERS** that Respondents cannot re-detain Petitioner without following the

---

[1] Because there is no significant likelihood Petitioner will be removed to a third country in the reasonably foreseeable future, the Court declines to address Petitioner's request for an injunction. Pet. at 19. The Court notes, however, that any kind of third country removal like the one Petitioner fears would likely "present due process issues." *Azzo v. Noem*, No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *8 (S.D. Cal. Dec. 10, 2025) (quoting *Esmail v. Noem*, No. 25-cv-08325-WLH-RAO, 2025 WL 3030589, at *6-7 (C.D. Cal. Sept. 26, 2025)).

26-CV-752 JLS (VET)

procedures set out in 8 C.F.R. § 241.13(i) and other implementing regulations.  The Parties are **ORDERED** to file a Joint Status Report by <u>March 6, 2026</u>, confirming that Petitioner has been released.  The Clerk of Court **SHALL CLOSE** the file.

     **IT IS SO ORDERED.**

Dated:  February 27, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-752 JLS (VET)